UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LAURA HADLEY, individually and as Trustee for the 2021 Hadley Family Real Estate Trust,
Plaintiffs,

v.

CHRIS CAPONE, et al.
Defendants.

No. 1:23-CV-00553-MSM-PAS

ORDER

Mary S. McElroy, United States District Judge.

On December 29, 2023, Laura Hadley filed a 23-count action, naming dozens of defendants, on behalf of herself as a *pro se* litigant and as a purported Trustee for the 2021 Hadley Family Real Estate Trust. She describes the Trust beneficiaries as Hadley family members. The Complaint recounts the history of a compound of summer cottages allegedly owned by the Hadley family since 1652. The property is located on Devol Pond/Lake Pogansset, straddling the state border around the towns of Westport, Massachusetts, and Tiverton, Rhode Island. The Complaint alleges that through years of fraud and forgeries, a racketeering enterprise consisting of members of other families and persons involved in Westport conservation agencies has deprived the Hadleys of major portions of the property and interfered with the Hadleys' exercise of ownership. It contains 23 counts, ranging from racketeering and

conspiracy to trespass and abuse of process, with many constitutional and tort allegations in between.

At the time this action was filed, there was already pending – since May 10, 2023 – a nearly identical action in the United States District Court in Massachusetts, No. 1:23-cv-11042-MJJ. That action, originally in 22 counts, was brought against an identical (or nearly identical) group of defendants, recited the same factual allegations, and claimed the same violations of law.[1] Motions to Dismiss are scheduled to be heard next month. In addition, there is also pending an administrative appeal in the Bristol County (Mass.) Superior Court, 1873-cv-907, which makes similar allegations of civil rights violations and conversion of property; that case is scheduled for trial in June 2024.[2]

Duplicative litigation like this is disfavored, as an unnecessary burden on judicial resources. When the litigation is duplicated in two federal courts, "no precise rule has evolved [but] the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). *Cf. Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 28 (1st Cir. 2010) (principle is particularly true when a court is exercising jurisdiction over a *res.*)

When identical actions are proceeding concurrently in two federal courts, "entailing duplicative litigation and a waste of judicial resources, "it is obvious that

[1] The Massachusetts Complaint has gone through many iterations, and the Fourth Amended Complaint, the operative one, seems to be more streamlined.

[2] The Court takes notice of the judicial dockets in both Massachusetts pending matters. *United States v. Mercado,* 412 F.3d 243, 247 (1st Cir. 2005).

only one of them should proceed." *Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co.,* 402 F. Supp. 2d 343, 347 (D. Mass. 2005). In such an event, the first-filed case is generally given preference. *Cianbro Corp. v. Curran-Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir. 1987). In *Cianbro,* the Circuit affirmed the decision to transfer the later-filed New Hampshire case to Maine, where a duplicate case was already pending.[3] In addition, while this Complaint alleges that the larger portion of the property may lie in Rhode Island, it seems the conduct complained-of took place in both states, and the Conservation Commission officials acted under authority given them by Westport, Massachusetts.

Therefore, pursuant to 28 U.S.C. § 1404(a) and as an exercise of its discretion, the Court TRANSFERS this matter to the District of Massachusetts, sitting in Boston.[4]

There is a procedural matter that also favors transfer of this matter to Massachusetts. Ms. Hadley has filed *pro se* on her own behalf and that of the Trust. She alleges, however, that the property is owned solely by the Trust, and it is therefore not clear that she as an individual has a legally cognizable interest in the

---

[3] In *Transcanada,* the Rhode Island Court dismissed the second-filed action. *Narragansett Elec. V. Transcanada Power Marketg,* No. 1:05-cv-00234-WES. It is more prudent here to transfer the venue of the instant case, so that both federal cases can be brought under one roof and the Massachusetts presiding judge can decide the best course of action.

[4] "It is well settled that a court may transfer a case *sua sponte* pursuant to 28 U.S.C. §§ 1404(a)…." *U.S. ex rel. Ondis v. City of Woonsocket, R.I.,* 480 F. Supp. 2d 434, 436 (D. Mass. 2007), quoting *Desmond v. Nynex Corp.,* 37 F.3d 1484, 1994 WL 577479, *3 (1st Cir. 1994).

property. She cannot represent the Trust. There is some authority in this Circuit that a person who is a *sole* beneficiary and *sole* Trustee may represent a Trust *pro se*. *Bourne v. Gardner,* 468 F. Supp. 3d 426, 427 (D. Mass 2020).[5] But Ms. Hadley does not allege in this Complaint that she is either a sole beneficiary or a sole Trustee. Indeed, she implies that many members of the Hadley family are beneficiaries, and the Court takes notice from the docket that the Massachusetts case was brought not only by her but by Robert Hadley, who is alleged to be a Trustee of the same Trust.

The Court also notes that Ms. Hadley has entered an appearance as an attorney in the Massachusetts case and, assuming she is indeed admitted to that federal Bar (which she is not in Rhode Island), both representation problems could be solved.

The Case is therefore transferred to the District of Massachusetts.

IT IS SO ORDERED:

Mary S. McElroy,
United States District Judge

Date: February 29, 2024

[5] While *Bourne* notes that the First Circuit has not decided this issue, *id. at 427,* it was followed by *United States v. David M. Adams Living Tr.,* No. 21-40111-PBS, 2022 WL 17657024, at *3 (D. Mass. Aug. 22, 2022) (reasoning that a *pro se* litigant who is sole Trustee and sole beneficiary would not be hurting anyone else by the decision to self-represent).